AO (Rev. 5/85) Criminal Complaint

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **CRIMINAL COMPLAINT** |
| vs. | |
| JASON ISAAC THOMPSON | CASE NUMBER: 3:07-mj-1223-MCR |

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about September 20, 2007, in Duval County, in the Middle District of Florida, JASON ISAAC THOMPSON, the defendant herein, did knowingly deliver and cause to be delivered a package and container containing a firearm to a common carrier for transportation and shipment in interstate commerce to a person other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, without written notice to the common carrier that the firearm was being transported and shipped, in violation of Title 18, United States Code, Sections 922(e) and 924(a)(1)(D).

I further state that I am a Special Agent with Federal Bureau of Investigation, and that this Complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

*[Signature]*
Signature of Complainant
ERIC PULWICZ
Special Agent
Federal Bureau of Investigation

Sworn to before me and subscribed in my presence,

September 21, 2007     at     Jacksonville, Florida

MONTE C. RICHARDSON
United States Magistrate Judge
Name & Title of Judicial Officer     *[Signature]* Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Eric Pulwicz, being duly sworn, depose and say that:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been so employed for approximately five and a half years. My present duties include conducting investigations involving violent crimes, gangs, and organized crime. I also have responsibility for investigating weapons, security, and other criminal incidents involving the Jacksonville International Airport ("JIA") or flights arriving to or departing from that airport. Before joining the FBI, I had been a Military Police Officer in the United States Army for five years.

2. I make this application in support of an Criminal Complaint charging JASON ISAAC THOMPSON with knowingly delivering a package containing firearms to a common carrier for transportation and shipment in interstate commerce, without declaring the firearms to the common carrier, in violation of Title 18, United States Code, Sections 922(e) and 924(a)(1)(D).

## Facts Supporting Probable Cause

3. On September 20, 2007 at approximately 6:40 p.m., I received a telephone call from Federal Air Marshal Chris Donnellan asking me to report to JIA to assist in an investigation of an incident involving JASON ISAAC THOMPSON and two undeclared firearms that THOMPSON had attempted to transport in his checked luggage on a Southwest Airlines flight from Jacksonville to Houston, Texas.

4. Upon arrival at the airport, I personally viewed THOMPSON's travel documents. He was booked to travel on Southwest Airlines flight number 54 departing Jacksonville at 5:55 p.m., bound for Hobby Airport in Houston, Texas.

5.     I am informed of the information contained in this paragraph by talking to Federal Air Marshal Chris Donnellan. Donnellan in turn had spoken to the Southwest Airlines ticket counter agent who checked in THOMPSON. THOMPSON checked one piece of luggage. THOMPSON did not declare to Southwest Airlines that there were any firearms in the luggage. I have personally viewed the Southwest Airlines ticket counter area. The area is conspicuously marked with signs indicating that all firearms in checked luggage must be declared to the airline. The ticket counter agent also indicated that THOMPSON had asked her to check the luggage onto the flight under a travel companion's name, and not under his own name, but that the ticket counter agent required THOMPSON to check the luggage onto the flight under his own name.

6.     The Southwest Airlines ticket counter agent provided to Donnellan a "Declaration of Weapons List" of the persons who declared firearms in checked luggage to Southwest Airlines for the period including September 20, 2007. I have personally viewed a photocopy of that document. THOMPSON's name is not on the list.

7.     I am informed of the information contained in this paragraph by speaking with JIA Police Department Officer Walter McLanahan, who in turn had earlier that day communicated with JIA luggage screening personnel. After THOMPSON delivered the luggage to the ticket counter agent for delivery to the aircraft, the luggage went through JIA x-ray screening. The x-ray screening revealed that THOMPSON's luggage contained two firearms (a rifle and a handgun) and multiple magazines with ammunition. The suitcase was opened pursuant to JIA procedures, and Officer McLanahan found a locked case within. THOMPSON was then paged to report to the screening area to open the locked case.

2

8. I am informed of the information contained in this paragraph by speaking with JIA Police Department Officer Walter McLanahan. McLanahan asked THOMPSON to open the locked case. THOMPSON said that he did not have the key, but that the key was in his girlfriend's car in the airport parking lot. McLanahan escorted THOMPSON to the car. THOMPSON entered the car. McLanahan did not observe whether THOMPSON actually retrieved the key from the car, or whether the key was on THOMPSON's person the entire time, but THOMPSON emerged from the car with a key.

9. I am informed of the information contained in this paragraph by speaking with JIA Police Department Officer Walter McLanahan. THOMPSON and McLanahan returned to the screening area, where the locked case was opened. THOMPSON stated to McLanahan that THOMPSON had properly declared the firearms to Southwest Airlines. THOMPSON admitted to McLanahan that THOMPSON packed the firearms and was the owner of the firearms.

10. I personally viewed the contents of THOMPSON's locked case found within his checked luggage. The case contained the following: (1) an AR-15 model ST15, .22 caliber assault rifle, serial number P000171; (2) two fully-loaded, 30-round magazines for the AR-15; (3) a Taurus model PT145 Pro, .45 caliber semiautomatic pistol, serial number NZK73067; (4) one magazine loaded with 10 rounds of ammunition for the Taurus pistol; and (5) an estimated $70,000 in cash, concealed under the foam padding of the locked case. The cash was in multiple stacks of various denominations.

11. I also personally smelled the interior of THOMPSON's locked case found

3

within his checked luggage. I smelled the conspicuous and distinctive odor of marijuana emanating from within, which I recognize from being present at controlled burns of the plant. A short time later, a Jacksonville Sheriff's Office canine officer brought a certified drug dog to the location. I personally observed that the dog alerted for the odor of drugs on THOMPSON's locked case.

12. Based on my training and experience, I believe that the manner in which THOMPSON had packed and was transporting the firearms, and the presence of the loaded magazines and large amount of cash with the firearms, indicate that THOMPSON was not shipping the firearms to a licensed importer, licensed manufacturer, licensed dealer, or licensed collector. The fact that the odor of marijuana was within the case corroborates that conclusion.

13. I personally spoke with THOMPSON. He told me that he had declared the firearms to the airline. THOMPSON's statement to me is not consistent with what the Southwest Airlines ticket counter agent told Federal Air Marshal Donnellan, nor is it consistent with the Southwest Airlines "Declaration of Weapons List" I viewed.

## Conclusion as to Probable Cause

14. Based on the foregoing, I respectfully submit that there is probable cause to conclude that, on or about September 20, 2007, in Jacksonville, Duval County, in the Middle District of Florida, JASON ISAAC THOMPSON did knowingly deliver a package containing firearms to a common carrier for transportation and shipment in interstate and foreign commerce, without declaring the firearms to the common carrier, in violation of Title 18, United States Code, Sections 922(e) and 924(a)(1)(D).

Further Your Affiant sayeth naught.

_____
ERIC PULWICZ
Special Agent
Federal Bureau of Investigation

Subscribed to and Sworn to Before Me this 21st Day of September, 2007.

_____
MONTE C. RICHARDSON
United States Magistrate Judge

5